UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Private Jet Services Group, Inc.</u>

    v.                                Civil No. 05-cv-098-JD
                                            Opinion No. 2005 DNH 141
<u>Sky King, Inc.</u>

O R D E R

Private Jet Services Group, Inc., ("PJS") alleges that Sky King, Inc., breached four agreements to provide jet services for PJS's clients during March, April, and May of 2005 and that Sky King also violated the New Hampshire Consumer Protection Act.[1] Sky King moves to dismiss the case on the grounds that this court lacks personal jurisdiction over it and, therefore, that venue is not proper in New Hampshire. Alternatively, Sky King moves to transfer the case to the Eastern District of California under 28 U.S.C. § 1404(a). PJS objects to Sky King's motion.

---

[1] PJS moved to file an amended complaint which was granted while Sky King's motion to dismiss was pending. The amended complaint adds three breach of contract claims that were not pleaded in the first complaint and also adds the New Hampshire Consumer Protection Act claim. Because Sky King had not yet filed a responsive pleading, PJS was entitled to file an amended complaint without first seeking leave of the court. Fed. R. Civ. P. 15(a).

I.  Personal Jurisdiction

The plaintiff bears the burden of showing that personal jurisdiction exists in response to a defendant's motion to dismiss.  Daynard v. Ness, Motley, Loadholt, Richardson & Poole P.A., 290 F.3d 42, 51 (1st Cir. 2002).  When, as here, the parties are proceeding under the prima facie method for determining personal jurisdiction, the plaintiff "may not rely on the mere allegations of its complaint, but must point to specific facts in the record that support those allegations."  Jet Wine & Spirits, Inc. v. Bacardi & Co., Ltd., 298 F.3d 1, 8 (1st Cir. 2002).  The plaintiff's burden is not onerous, however, because the prima facie standard "permits the district court to consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction."  N. Laminate Sales, Inc. v. Davis, 403 F.3d 14, 22 (1st Cir. 2005) (internal quotation marks omitted).

The applicable New Hampshire statute permits jurisdiction to the extent allowed under the due process clause of the Fourteenth Amendment.  See N.H. Rev. Stat. Ann. § 293-A:15.10; Sawtelle v. Farrell, 70 F.3d 1381, 1388 (1st Cir. 1995).  Due process is satisfied if the defendant had sufficient contacts with the forum state, which may be demonstrated under either a general or specific jurisdictional theory.  Noonan v. Winston Co., 135 F.3d

85, 89 (1st Cir. 1998).  PJS asserts that Sky King's contacts meet the requirements of specific jurisdiction, which is analyzed in three categories:  relatedness, purposeful availment, and reasonableness.[2]  <u>Daynard</u>, 290 F.3d at 60.

    A.  <u>Relatedness</u>

"To satisfy the relatedness requirement, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities."  <u>N. Laminate Sales</u>, 403 F.3d at 25 (internal quotation marks omitted).  A breach of contract claim arises from or relates to the defendant's contacts with the forum if those contacts "were instrumental either in the formation of the contract or its breach."  <u>Phillips Exeter Acad. v. Howard Phillips Fund</u>, 196 F.3d 284, 289 (1st Cir. 1999).  The court analyzes the defendant's contacts by considering "the parties' prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing."  <u>Daynard</u>, 290 F.3d at 52 (internal quotation marks omitted).

PJS alleges that Sky King breached four agreements.  The

---

[2]PJS discusses the jurisdictional requirements in the context of its breach of contract claims, except for the reasonableness factor where it also raises the Consumer Protection Act claim.

first agreement, dated January 12, 2005, and signed on March 9, 2005, pertained to flight services from March 14, 2005, through March 28, 2005, for teams participating in the March 2005 NCAA basketball tournament.  PJS contends that Sky King breached the NCAA agreement by failing to comply with the "Maintenance and Repair" provision of the agreement, which caused delays and other problems with scheduled flights.  The second, third, and fourth agreements provided for flight services on specific days in April and May of 2005.  PJS alleges that Sky King anticipatorily repudiated the second agreement and failed to perform the third and fourth agreements without refunding the money paid by PJS.

It is undisputed that Sky King is a California corporation that has no offices, employees, or operations in New Hampshire.  PJS is a New Hampshire corporation.  None of the flight services, which were the subject of the four agreements, occurred in New Hampshire.  PJS asserts, however, that Sky King's contacts with New Hampshire were instrumental in the formation of those agreements.

Greg Raiff, president of PJS, provides his affidavit in support of PJS's objection to Sky King's motion.  Raiff states that PJS was incorporated in July of 2003 and that PJS's first contact with Sky King was in August when Greg Lukenbill, president and chief executive officer of Sky King, contacted him

seeking business from PJS.[3]  The four agreements at issue in this case were negotiated by Lukenbill in California and Raiff in New Hampshire by telephone and fax in early 2005.[4]  Claire Pollock, the administrative operations manager for PJS, also provided her affidavit and confirms Lukenbill's calls to Raiff and the contact between Sky King and PJS pertaining to the agreements.

The agreements were written on Sky King's letterhead and were faxed to PJS in New Hampshire.  The terms were negotiated by communications between California and New Hampshire.  The series of four agreements also shows an ongoing relationship between Sky King and PJS in New Hampshire.  Therefore, Lukenbill's contacts with PJS in New Hampshire, on behalf of Sky King, are jurisdictional because they are directly related to the formation of the four agreements at issue in this case.  See, e.g., Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 113 (D. Mass. 2003).

---

[3]Raiff's prior contacts with Sky King, when he worked for a different employer and before PJS began operations, are not material to the contracts at issue here.  Also, to the extent Raiff contends that Lukenbill called him continuously throughout 2005 seeking business unrelated to the four agreements at issue here, those contacts are not considered.

[4]Raiff states in his affidavit that Sky King authorized PJS to act as its agent in New Hampshire but then disavows the relevance of the agency relationship to the claims alleged here.

5

B.  <u>Purposeful Availment</u>

"'Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.'" <u>Daynard</u>, 290 F.3d at 61 (quoting <u>Foster-Miller, Inc. v. Babcock & Wilson Canada</u>, 46 F.3d 138, 144 (1st Cir. 1995)).  "The focus in this second requirement is on voluntariness and foreseeability."  <u>N. Laminate Sales</u>, 403 F.3d at 25.  Therefore, purposeful availment involves reaching out "to the plaintiff's state of residence to create a relationship -- say, by solicitation" and depends on "whether the defendant benefitted from those contacts in a way that made jurisdiction foreseeable."  <u>Phillips</u>, 196 F.3d at 292.

Lukenbill called Raiff in New Hampshire to solicit his business.[5]  The four agreements that are the basis of the claims in this suit were the result of Lukenbill's efforts and were part of an ongoing relationship between Sky King and PJS for flight services.  Raiff states that PJS became one of Sky King's biggest customers in 2005.  Raiff also states that Sky King appointed PJS

---

[5]Lukenbill states in his affidavit that Raiff called him about providing flight services for the NCAA tournament and denies seeking business in New Hampshire.  Given the prima facie standard, the court credits PJS's version of events.

employees as crew members on some of its flights under the NCAA agreement.  Sky King was paid under each of the four agreements.  Based on those circumstances, Sky King voluntarily contacted and did business with a New Hampshire company and, given the extent of the interaction with PJS and Sky King's benefit from the business, it was foreseeable that it might be sued in New Hampshire.

    C.   <u>Reasonableness</u>

In addition to the elements of relatedness and purposeful availment, the court must consider whether the exercise of jurisdiction would be reasonable in this case.  <u>Daynard</u>, 290 F.3d at 62.  Reasonableness depends upon weighing the "Gestalt factors," which are "(1) the defendant's burden of appearing, (2) the forum state's interest in adjudicating the dispute, (3) the plaintiff's interest in obtaining convenient and effective relief, (4) the judicial system's interest in obtaining the most effective resolution of the controversy, and (5) the common interests of all sovereigns in promoting substantive social policies."  <u>Jet Wine</u>, 298 F.3d at 11.  These factors are considered on a sliding scale depending on the strength of the plaintiff's showing on the first two elements.  <u>Nowak v. Tak How Investments, Ltd.</u>, 94 F.3d 708, 717 (1st Cir. 1996).

In this case, PJS's showing of relatedness and purposeful availment is neither particularly strong nor precariously weak. Sky King contends that defending this suit in New Hampshire would impose a substantial financial burden because of the expense of flying some fifty employees, who worked under the agreements, to New Hampshire for trial.  The First Circuit recognizes "that it is almost always inconvenient and costly for a party to litigate in a foreign jurisdiction.  Thus . . ., the defendant must demonstrate that exercise of jurisdiction in the present circumstances is onerous in a special, unusual, or other constitutionally significant way."  Nowak, 94 F.3d at 718.  Otherwise, defendants from geographically distant places would always be able to defeat personal jurisdiction.  Id.  Sky King reiterates in its reply that all of its witnesses, relevant documents, and the planes themselves are in California and that it would impose a special or unusual burden for it to pay for transporting those people and things to New Hampshire.

Sky King has not explained why the planes are necessary for litigation of the breach of contract claims and the Consumer Protection Act claim, nor has it explained why so many witnesses would be necessary or why alternative means of presenting testimony would not suffice for some witnesses.  Further, presenting witnesses and documents at trial are the usual burdens

of litigation.  See id.  Therefore, there does not appear to be any unusual burden on Sky King to litigate in New Hampshire.  The First Circuit "has repeatedly observed that a plaintiff's choice of forum must be accorded a degree of deference with respect to the issue of its own convenience."  Sawtelle, 70 F.3d at 1395.

New Hampshire has an interest in having the parties' dispute adjudicated here because it involves a New Hampshire business. See, e.g., N. Laminate Sales, 403 F.3d at 26.  On the other hand, none of the activities contemplated under the parties' agreements occurred or were intended to occur here.  Therefore, this element provides only limited support for jurisdiction in New Hampshire.

As is often the case, the interest of the judicial system in obtaining the most effective resolution of the parties' dispute does not appear to favor either forum.  See Jet Wine, 298 F.3d at 12; Sawtelle, 70 F.3d at 1395.  The fifth and last factor examines "the interests of affected governments in substantive social policies."  Nowak, 94 F.3d at 719.  For this factor, the court examines the interests of New Hampshire and California implicated by the parties' dispute and concludes that both states have interests in protecting their respective businesses.  See id.

"The gestalt factors rarely seem to preclude jurisdiction where relevant minimum contacts exist."  Cambridge Literary

Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. Kg., 295 F.3d 59, 66 (1st Cir. 2002). Here, although the Gestalt factors provide little support for exercising jurisdiction, they do not weigh against the constitutionality of jurisdiction. Therefore, PJS has carried its burden of showing that this court may exercise personal jurisdiction over Sky King.

II.  Venue

In the event the court were to find personal jurisdiction, Sky King requested that the case be transferred to the Eastern District of California pursuant to § 1404(a), arguing that New Hampshire is a forum non conveniens. PJS objects to transferring the case.

Under § 1404(a), the court may transfer a civil case to another district where it might have been brought initially "[f]or the convenience of parties and witnesses, in the interest of justice." To succeed in having the case transferred, Sky King must show "both that an adequate alternative forum exists and that considerations of convenience and judicial efficiency strongly favor litigating the claim in the alternative forum." Iragorri v. Int'l Elevator, Inc., 203 F.3d 8, 12 (1st Cir. 2000). The First Circuit has cautioned that "the doctrine of forum non conveniens is used to avoid serious unfairness and that

plaintiff's choice of a forum will be disturbed only rarely." Nowak, 94 F.3d at 719.

PJS does not dispute that the Eastern District of California would provide an adequate alternative forum. In balancing the convenience of the parties, the court may consider the "relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; all other practical problems that make trial of a case easy, expeditious and inexpensive [and] questions as to the enforceability of a judgment if one is obtained." Mercier v. Sheraton Int'l, Inc., 935 F.2d 419, 424 (1st Cir. 1991) (internal quotation marks omitted); see also Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). The court begins with a presumption in favor of the forum chosen by the plaintiff, and the defendant bears the burden of showing that considerations of convenience and judicial efficiency strongly favor an alternative forum. Nowak, 94 F.3d at 719.

Sky King contends that the factual evidence in the case will focus on its actions and aircraft and that nearly all of the pertinent witnesses and documentary evidence for the case are in California. PJS counters that while it would be more convenient

for Sky King to litigate in California, the documentary evidence can be, and to a large extent already has been, sent to New Hampshire and the witnesses can travel here to the extent that may be necessary.  Sky King responds that it should not be expected to bear the costs of flying its witnesses and evidence to New Hampshire.  However, "[t]he mere suggestion of greater financial strain is meaningless unless and until the [protesting party] demonstrates the nature and extent of the supposed limitations upon [its] ability to litigate."  Iragorri  203 F.3d at 17.

With respect to judicial efficiency, Sky King contends that the choice of law provisions in the agreements, specifying California law, favor litigation in the Eastern District of California.  This court, however, is fully capable of applying California contract law in this case.  See Nowak, 94 F.3d at 720.  The parties have not suggested that there are other related pending cases that would implicate consolidation or other judicial efficiency issues.  See Coady, 223 F.3d at 11.

PJS has chosen New Hampshire as the forum for this case, and its choice is entitled to deference.  Although litigation in New Hampshire will not be as convenient for Sky King as California would be, it has not shown that the inconveniences it will face would make litigation here unfair.  See, e.g., Brian Jackson &

12

Co. v. Eximias Pharm. Corp., 248 F. Supp. 2d 31, 39 (D.R.I. 2003). Therefore, the court will not exercise its discretion to transfer the case to the Eastern District of California.

## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 7) is denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

October 11, 2005

cc: Daniel P. Schwarz, Esquire
    William A. Staar, Esquire